IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ECC CENTCOM CONSTRUCTORS, LLC** | |
| **Plaintiff,** | |
| v. | No. 21-1169 C |
| **UNITED STATES,** | (Judge Tapp) |
| **Defendant.** | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.  Denies the allegation contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.  Admits.

3.  Admits the allegations contained in paragraph 3 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

4.  Admits.

5.  The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.  Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

7.  Admits that USACE issued a Request for Proposal (RFP) via letter dated November 29, 2012, seeking proposals for design and construction of the Transient Quarters (TQ) and Dining Facility (DFAC) in Bahrain. However, defendant clarifies that this RFP was not "for Task Order 0006," because that task order numbering only applied to the project when it was awarded to ECC CENTCOM Constructors, LLC (ECC). Admits the remaining allegations

in paragraph 7 to the extent supported by the RFP cited, which is the best evidence of its contents; otherwise denies.

8. Admits, subject to the clarification in paragraph 7.

9. The first clause in paragraph 9, alleging what the RFP "required," constitutes a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

10. Denies the allegation contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

12. Admits that on September 11, 2013, USACE awarded ECC Contract No. W912ER-11-D-0010-0006, in the amount of $40,301,215.55, for the design and construction of the Transient Quarters and Dining Facility, and clarifies that Contract No. W912ER-11-D-0010-0006 is sometimes informally referred to as "Task Order 0006."

13. Subject to the clarification in paragraph 12, admits the allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

14. Admits that via letter dated September 24, 2013, USACE notified Plaintiff that USACE received a bid protest for the award of Contract Number W912ER-11-D-0010-0006. Admits the remaining allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

16. Denies.

17. Admits that the suspension of work was lifted on December 30, 2013, but denies that the bid protest was denied on that day. Avers that the bid protest was denied on December 27, 2013.

18. Admits that USACE issued the Notice to Proceed on January 2, 2014. The remaining allegations contained in paragraph 18 constitute conclusions of law to which no answer is required.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

22. Denies the allegation contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegation contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to its truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies.

26. Admits the allegations contained in paragraph 26 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

27. Denies.

28. Admits the allegations contained in paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

30. Admits the allegations contained in paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

31. Denies the allegation contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Paragraph 32 contains plaintiff's statement of its case to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

33. Denies.

34. Admits the allegations contained in paragraph 34 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

35. Paragraph 35 contains plaintiff's statement of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

36. Admits the allegations contained in paragraph 36 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

37. Paragraph 37 contains plaintiff's statement of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

38. Defendant admits that via letter dated April 9, 2014, USACE denied ECC's proposed project manager because that person was assigned to the P937 project. The remaining allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Paragraph 39 contains plaintiff's statement of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

40. Admits that ECC proposed substitute personnel for Site Safety & Health Officer (SSHO), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation that the SSHO named in ECC's proposal had his visa denied with no reason given.

41. Admits that on May 22, 2014, the Contracting Officer approved ECC's May 20, 2014 request to substitute the previously approved substitute Quality Control Manager (QCM); denies the remaining allegations in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations.

43. The allegations contained in the paragraph 43 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in the paragraph 44 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in the paragraph 45 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. Denies.

47. Denies.

48. Denies.

49. The allegations contained in the paragraph 49 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. Admits that USACE never granted a time extension pertaining to its alleged failure to review personnel requests. The remaining allegations contained in the paragraph 50 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in the paragraph 51 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in the paragraph 52 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are the subject of our pending partial motion to dismiss for lack of jurisdiction, concurrently filed with this answer. *See* Mot. (ECF No. 13).

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 53, or to any relief whatsoever. Moreover, for the reasons explained in our motion, contractors cannot receive "damages" even if they successfully overturn a termination for default. *See* Mot. at 2 fn.2.

54. The responses set forth in paragraphs 1 through 53 are incorporated by reference.

55. Admits the allegations contained in paragraph 55 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations.

56. Denies the allegation contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Denies.

58. Denies.

59. The allegations contained in the paragraph 59 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. Denies the allegations in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Denies the allegation contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to its truth.

62. The allegations contained in the paragraph 62 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

63. The allegations contained in the paragraph 63 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

64. The allegations contained in the paragraph 64 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegations contained in the paragraph 65 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

66. The allegations contained in the paragraph 66 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

67. The allegations contained in the paragraph 67 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

68. The allegations contained in the paragraph 68 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

69. Admits the allegation contained in paragraph 69 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations.

70. The allegations contained in the paragraph 70 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in the paragraph 71 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, denies the allegations contained in paragraph 71, except admits that USACE never granted an extension for these supposed events which supposedly caused delays.

72. The allegations contained in paragraph 72 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73. The allegations contained in the paragraph 73 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

74. The allegations contained in the paragraph 74 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 are the subject of our pending partial motion to dismiss for lack of jurisdiction, concurrently filed with this answer.  *See* Mot.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 75, or to any relief whatsoever.  Moreover, for the reasons explained in our motion, contractors cannot receive "damages" even if they successfully overturn a termination for default.  *See* Mot. at 2 fn.2.

76. The responses set forth in paragraphs 1 through 77 are incorporated by reference.

77. Admits that USACE issued Modification No. 16 unilaterally on December 29, 2015; otherwise denies.

78. Admits to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

79. Denies the allegations contained in paragraph 79 for lack of knowledge or information sufficient to form a belief as to their truth.

80. Admits that Modification No. 16 did not extend the time for performance.  The remaining allegation contained in paragraph 80 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegations of fact, it is denied.

81. Admits the allegations contained in paragraph 81 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

82. Admits the allegations contained in paragraph 82 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied.

83. Denies the allegations contained in paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84. Denies the allegations contained in paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.

85. Denies the allegations contained in paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

86. The allegations contained in the paragraph 86 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

87. Admits to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

88. Admits to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

89. Denies the allegations contained in paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth.

90. The allegations contained in paragraph 90 constitute conclusions of law and/or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

91. The allegations contained in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93. The allegations contained in the paragraph 93 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations contained in paragraph 94 are the subject of our pending partial motion to dismiss for lack of jurisdiction, concurrently filed with this answer.  *See* Mot.

95. Denies.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 95, or to any relief whatsoever.  Moreover, for the reasons explained in our motion, contractors cannot receive "damages" even if they successfully overturn a termination for default.  *See* Mot. at 2 fn.2.

96. The responses set forth in paragraphs 1 through 95 are incorporated by reference.

97. Denies.

98. Admits that USACE's COR and Administrative Contracting Officer (ACO) worked out of Bahrain and, therefore, were familiar with ECC's lack of progress and other performance problems.  Denies the remaining allegations in paragraph 98.

99. Admits that the terminating Contracting Officer was primarily located in the United States.  Denied that the Contracting Officer had never been to the project in Bahrain.  Denied that the Contracting Officer ignored the recommendation of "on-site USACE representatives" regarding the CPARS rating.  Denies that the "on-site USACE representatives" recommended assigning a final CPARS rating other than those assigned.

100. The allegations contained in the paragraph 100 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 101 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

103. The allegations contained in paragraph 103 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 103, or to any relief whatsoever.

104. The responses set forth in paragraphs 1 through 103 are incorporated by reference.

105. Admits the allegations contained in paragraph 105 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

106. Admits that ECC responded to USACE's Show Cause Letter via its own letter dated January 9, 2016, which is the best evidence of its contents; otherwise denies the allegations in paragraph 106.

107. Denies.

108. Admits that a USACE Contracting Officer in the United States, terminated Plaintiff for default on April 19, 2016. Denies the remaining allegations.

109. The allegations contained in the paragraph 109 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110. The allegations contained in the paragraph 110 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 110, or to any relief whatsoever.

111. Denies that plaintiff is entitled to the relief set forth in the "CONCLUSION AND DEMAND FOR RELIEF" or to any relief whatsoever.

112. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

113. Plaintiff's first and third counts are barred, in whole, or in part, by the doctrine of estoppel.

114. In a proceeding regarding the same matters before the ASBCA, ECC's expert opined that ECC was only entitled to 88 days of excusable delay for late mobilization and rejection of key personnel—instead of the 110 days now sought under Count I.

115. In a proceeding regarding the same matters before the ASBCA, ECC's expert opined that ECC was only entitled to 71 days of excusable delay for the modifications—instead of the 104 days now sought under Count III.

Second Affirmative Defense

116.  Plaintiff's third count is barred, in whole or in part, by the doctrine of accord and satisfaction.

117.  Prior to issuing the modifications at issue, USACE negotiated with ECC, and ECC proposed the terms that it now purports to object to (*i.e.*, no time extensions).

WHEREFORE, defendant requests that this Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    ROBERT E. KIRSCHMAN, JR.
    Director

    /s/ Patricia M. McCarthy
    PATRICIA M. MCCARTHY
    Assistant Director

    /s/ Bret R. Vallacher
    BRET R. VALLACHER
    Trial Attorney
    Commercial Litigation Branch
    Civil Division
    Department of Justice
    P.O. Box 480
    Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 616-0465
    Fax: (202) 305-2062
    Email: bret.r.vallacher@usdoj.gov

September 10, 2021    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of September, 2021, a copy of the foregoing was filed electronically. This filing was served electronically to all parties by virtue of the court's electronic filing system.

/s/ Bret R. Vallacher<br>BRET R. VALLACHER